# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-502
Lower Tribunal No. 16-23775
_____

**Moise Lamour,**
Appellant,

vs.

**Mount Sinai Medical Center of Florida, Inc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

The Purnell Law Firm, P.A., and Angelia Baldwin Purnell (Fort Lauderdale), for appellant.

Wicker Smith O'Hara McCoy & Ford, P.A., and Leslie A. McCormick and Jessica L. Gross and Brandon J. Hechtman, for appellees.


Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. See § 766.103(3)(a)-(b), Fla. Stat. (2014) (providing in pertinent part: "No recovery shall be allowed in any court in this state against any physician licensed under chapter 458[] . . . in an action brought for treating, examining, or operating on a patient without his or her informed consent when. . . the patient would reasonably, under all the surrounding circumstances, have undergone such treatment or procedure had he or she been advised by the physician. . . in accordance with the provisions of paragraph (a)); Santa Lucia v. LeVine, 198 So. 3d 803, 811 (Fla. 2d DCA 2016) ("It is not enough for the plaintiff to testify that he would not have consented had a specific, material disclosure been made; he must present evidence 'that a reasonably prudent person would not have consented to the procedure had the material risks been disclosed.'") (quoting Ritz v. Fla. Patient's Comp. Fund, 436 So. 2d 987, 993 (Fla. 5th DCA 1983)); Salinertro v. Nystrom, 341 So. 2d 1059, 1061 (Fla. 3d DCA 1977) ("Liability for negligence depends on a showing that the injury suffered by plaintiff was caused by the alleged wrongful act or omission to act by the defendant. Merely to show a connection between the negligence and the injury is not sufficient to establish liability.") See also Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("In negligence actions Florida courts follow the more likely than not standard of causation and require proof that

2

the negligence probably caused the plaintiff's injury."); <u>Howell v. Balchunas</u>, 284 So. 3d 1180, 1183 (Fla. 1st DCA 2019) (affirming an order dismissing with prejudice a negligence claim, holding: "An injury that 'could have' been caused by a medical professional's action or an action falling below the standard of care that 'potentially' could have led to an injury does not, in our opinion, provide corroboration of reasonable grounds to believe that the claimed negligence 'resulted in injury to the claimant.'")